UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS ALLEN PELHAM,

                Petitioner,

-vs-                                          Case No.  2:05-cv-41-FtM-29SPC

UNITED STATES OF AMERICA,

                Respondent.
_____/

## REPORT AND RECOMM ENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Petitioner Thomas Allen Pelham's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Doc. # 8) filed on April 19, 2005.  On March 31, 2006, an evidentiary hearing was held before the Honorable Sheri Polster Chappell, United States Magistrate Judge regarding the issue before the Court.  The Government was  represented by Assistant United States Attorney Jesus Casas, the Defendant was present and represented by court appointed Attorney Landon Miller.  At the hearing, the Government called Attorney Lee Hollander, Esq. as its sole witness.  Petitioner Pelham testified on his own behalf.  In addition to the testimony at hearing and the arguments of counsel, the Court also relied on the transcript of Pelham's sentencing hearing before the Honorable John E. Steele, United States District Judge.

**TESTIMONY and EVIDENCE**

**Attorney Lee Hollander, Esq**: (Tr. 3-21).

Atty. Hollander has been practicing law for twenty-five (25) years with the last ten (10) years being almost entirely devoted to criminal defense. (Tr.3:14-22). On August 8, 2003, Atty. Hollander was appointed to represent the Petitioner Pelham for his arrest on drug charges. (Tr.4:12-18).

Atty. Hollander testified that he reviewed the discovery and discussed it with Pelham. (Tr.4:19-23). According to Hollander, after reviewing the discovery and discussing the issues, Pelham agreed that it was best to avoid a trial and plead to the charges. (Tr.4:22-25, 5-6). A plea agreement was tendered by the Government but Pelham declined to enter a plea pursuant to the agreement because of a dispute over some of the facts contained within the factual basis. (Tr. 5:3-12, 18:11-16). Instead, Pelham agreed to plea to the court without benefit of a plea agreement. (Tr.5:7-12, 18:11-23).

After the Defendant entered his plea, a pre-sentence investigation report (PSI) was completed. Paragraph twenty-one of the PSI contained a firearms allegation. (Tr.5:25, 6:1-2). The PSI recommended a two (2) level enhancement because a firearm was present during the commission of a crime. (Tr. 6:3-20). According to Atty. Hollander, the Petitioner maintained that he did not know that the unknown male (UM) had a firearm in his bag during the drug transaction. (Tr. 10:3-25).

Atty. Hollander stated he researched the issue to determine how far he could push the firearm issue without costing the Petitioner his downward departure for acceptance of responsibility. (Tr. 7:8-11). He explained to the Petitioner that he could lose his three (3) levels in downward departure if he failed to accept responsibility for his actions by seeking a hearing on the presence of the firearm. (Tr. 8:2-13, 9:7-9). Atty. Hollander attempted to argue that Pelham did not know the UM had a

firearm at the scene, without having to proceed to a hearing. (Tr. 10:7-14). He objected to the firearm enhancement by writing a letter stating that Pelham did not know the UM had a firearm and also argued that factual basis at the sentencing without having Pelham testify to the Court that he did not know the UM had a handgun.(Tr. 10:18-25, 11:1-2).  However, Atty. Hollander testified that his research demonstrated that the issue was not whether Pelham knew there was a firearm, but whether or not it was foreseeable that a firearm would be present at a drug deal. (Tr. 12:2-14).  All the government needed to prove was that the UM pulled a firearm and pointed it at the undercover agent. (Tr.7:14-25).

Since Judge Steele was relatively new to the bench in Fort Myers, Atty. Hollander did not want to risk losing the three (3) level downward departure that Pelham could receive for accepting responsibility for his actions by challenging the firearm allegation in the PSI report. (Tr. 17:19-25, 18:1-3). Therefore, based upon his research and experience, Atty. Hollander calculated that Pelham could have lost his downward departure, which in essence meant that he could have ended up with a five (5) level enhancement of his sentence. (Tr. 8:2-12). Atty. Hollander explained that Pelham would receive plus two (2) for the firearm, and then lose three (3) levels in downward departure for not accepting responsibility and thus end up with a plus five (5) enhancement. (Tr. 8:2-12).

Atty. Hollander testified that he did not believe that it would have made a difference in sentencing if Pelham had testified at a hearing because Judge Steele had already indicated that it is reasonably foreseeable that a firearm would be present at a drug deal. (Tr.12:17-25, 13:1-2). Therefore, Pelham's knowledge was irrelevant to the two (2) level enhancement. (Tr.13:12-18).

Atty. Hollander discussed in detail his findings with the Petitioner. (Tr. 10:15-25) and recommended that the Petitioner object to the PSI in writing and at the sentencing but that they

would not request an evidentiary hearing. (Tr.9:3-16). Atty. Hollander informed Pelham that if no evidentiary hearing was held regarding the firearm issue, then the issue could not be appealed. (Tr.8:17-25, 9:1-2, 14:16-25). Pelham said he understood and agreed that he would not request a hearing and therefore, would not appeal. (Tr. 9:1-2, 14:20-25). Because Pelham had agreed that no appeal would be filed, Atty. Hollander did not contact him within ten (10) days of his sentencing. (14:16-25). In fact, the sentencing hearing was Atty. Hollander's last contact with Pelham. (Tr. 15:3-14).

**Thomas Pelham**: (Tr. 22-47).

Pelham was indicted in 2003 for possession of methamphetamine. (Tr. 22:22-25). Atty. Hollander was appointed to represent him. (Tr. 23:1-3). Pelham testified that he and Atty. Hollander had a number of meetings in which they reviewed discovery, and discussed the avenue to pursue between trial and pleading. (Tr. 23:4-11). They came to the joint resolution that it would be best for Pelham if he pled to the charges. (Tr.23:12-19). However, he did not enter into a plea agreement with the government because he did not agree with the factual basis in the plea agreement. (Tr. 24:6-10 ). Pelham stated that he was trying to avoid the two (2) level enhancement he was scheduled to receive because there was a firearm present during the commission of a crime. (Tr. 24:11-18). He testified that he did not know that the UM had a firearm in his bag. (Tr. 32:13-19). Pelham testified that he was not even present in the room when the UM pulled the firearm and pointed it at the agent but was outside waiting in the car. (Tr. 33:4-9). Pelham stated that he did not have knowledge of the firearm until the UM was back in the vehicle and they were driving away from the scene. (Tr. 33:10-15). At that time, the UM pulled the handgun from his bag and told Pelham he asked the agent if he wanted to buy the gun. (Tr. 33:11-15). He told the agent he could get all the guns he needed.

Pelham said he relied on the advice of Atty. Hollander when he declined an evidentiary hearing regarding the firearm issue. (Tr. 40:15-19). However, he testified that he did not remember Atty. Hollander discussing with him that he would lose his right of appeal if he did not have an evidentiary hearing. (Tr. 41:17-25, 42:1-8). Pelham stated that if Atty. Hollander explained why he did not want to have a hearing he does not remember the conversation. (Tr. 40:23-25, 41:1-3). According to Pelham, he did not understand fully why Atty. Hollander did not want to pursue an evidentiary hearing. (Tr.41:1-25, 42:1-8). Pelham did acknowledge that Judge Steele offered him the opportunity to have an evidentiary hearing but that Atty. Hollander shook his head and Pelham followed that lead and said no. (Tr. 41:19-25, 42:1). However, Pelham did remember that Judge Steele let him know that his decision was final and that he could not change his mind a year later and decide to appeal. (Tr. 42:9-18).

At the end of the sentencing hearing, Pelham testified that Judge Steele informed him that he had ten (10) days to appeal his sentence or waive the appeal and that his attorney would be in touch with him. (Tr. 44: 15-25). According to Pelham, after he received his sentence he then decided that he wanted to file an appeal. (Tr. 28:9-15). Pelham testified that he relied on Judge Steele's comments and believed that Atty. Hollander would contact him within then (10) days to discuss his appeal. (Tr. 28:9-17, 29:1-6). Atty. Hollander never got in touch with him although Pelham did testify that he did not try to get in touch with Atty. Hollander. (Tr. 46:12-16, 44:3-10). Once he was settled in the Federal Correctional facility in Marrianna, Florida, he began to use the law library. (Tr. 42:19-25, 43:1). Pelham testified that he learned from case law that he should have had the evidentiary hearing and as a result filed the instant Motion to Vacate pursuant to 42 U.S.C. § 2255.

**DISCUSSION**

There are four grounds for attacking a sentence pursuant to 28 U.S.C. § 2255: first, if it was imposed in violation of the Constitution or laws of the United States; second, if it was imposed without jurisdiction; third, if it was imposed in excess of the maximum authorized by law; and finally, if it is otherwise subject to collateral attack. U.S. v. Walker, 198 F.3d 811, 813 n. 5 (11th Cir. 1999). Ineffective assistance of counsel is a cognizable claim under the terms of the statute.

Pelham claims that he was denied his Sixth Amendment right to effective assistance of counsel. Pelham states two grounds for the claim of ineffective assistance of counsel: (a) that Atty. Hollander failed to request an evidentiary hearing challenging the factual basis regarding the two (2) level enhancement he received for having a firearm present during a drug transaction; and (b) that Atty. Hollander failed to file a timely appeal after his sentencing hearing.

It is well settled that the Supreme Court's ruling in Strickland v. Washington, is the controlling legal standard for determining ineffective assistance of counsel claims. Haliburton, 342 F.3d at 1242. Strickland established a two pronged standard to determine whether or not counsel's assistance was ineffective. 466 U.S. at 687.  First, the defendant must show that counsel's performance was so deficient that he was not performing as the "counsel" guaranteed by the Sixth Amendment. Id.  Second, the defendant must show that counsel's ineffective assistance prejudiced the defense to such a degree that the defendant was deprived of the right to a fair trial. Id.  The defendant must satisfy both prongs to prove ineffective assistance of counsel. Id.

*(a) Whether Pelham was Denied Effective Assistance of Counsel Regarding the Two (2) Level Firearm Enhancement*

The Sixth Amendment of the Constitution guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d

674 (1984). A convicted Defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgement. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). Then, the Court must determine in light of all the circumstances, whether the attorney's performance was reasonable under the prevailing norms. Haliburton v. Secretary for Dept. of Corrections, 342 F.3d 1233, 1243 (11th Cir. 2003). Pelham bears the burden of overcoming the presumption that Atty. Hollander provided competent and effective assistance of counsel in his defense. U.S. v. Cronic, 466 U.S. 648, 658, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion– though the presumption is not insurmountable– is a heavy one." Chandler v. U.S., 218 F.3d 1305, 1314 n. 15 (11th Cir. 2000) (citing Kimmelman v. Morrison, 477 U.S. 365, 381, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986)).

      The Court is reviewing the counsel's performance from hindsight, and therefore, the Court must indulge a strong presumption that the counsel's conduct falls within a wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. The test for ineffectiveness is not that another or more experienced attorney would have done it differently because perfection is not required. Chandler, 218 F.3d at 1313 1314. The Petitioner must show that the counsel's performance fell below an objective standard of reasonableness and that particular acts or omissions were outside the wide range of professionally competent assistance. Chandler, 218 F.3d at 1313-1314. "Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case as long as the approach taken 'might be considered sound trial strategy.'" Id. at 1314 (citing Darden v. Wainwright, 477 U.S. 168, 186, 106 S. Ct. 2463, 91 L. Ed. 2d 144 (1986)).

Pelham argues that had he understood the consequences of not having an evidentiary hearing on the firearm issue he would have told Atty. Hollander that he wanted to have the hearing. (Tr. 42:23-25, 43:1-8). However, Atty. Hollander stated that he clearly informed Pelham the consequences of not having a hearing. He informed Pelham that contesting the factual basis in the PSI at an evidentiary hearing might risk losing three (3) levels of downward departure in sentencing.(Tr. 8:2-12). Pelham does not dispute that the conversation occurred, but that he does not remember it. (Tr. 24:19-25).

According to the research that Atty. Hollander performed prior to the sentencing hearing, it is foreseeable that a firearm would be present at a drug deal. (Tr. 7:8-25). Atty. Hollander testified that Judge Steele stated he supported the Government's position that the presence of a firearm at a drug deal was foreseeable. (Tr.9:21-25, 10:1-2). Thus, based upon his twenty five-years experience as an attorney, Hollander advised Pelham that it would be better for him to waive the hearing and receive the three (3) level downward departure rather than fight and possibly lose the downward departure altogether. Atty. Hollander reasoned that to lose the downward departure would result in Pelham receiving a five (5) level sentence enhancement because he would receive two (2) levels for having a firearm at the commission of a crime and then lose the three level (3) downward departure for acceptance of responsibility.

Given his research and the comments made by the Court, Atty. Hollander's advice was well within the reasonable range of competence. Atty. Hollander advised Pelham based upon his experience and research that it would be better to ultimately receive the one level (1) downward departure and not fight the firearms allegation, than to fight and ultimately receive a five level enhancement. Atty. Hollander's advise was a strategic decision based upon his twenty-five (25)

years, the last ten (10) almost 100% criminal defense work, experience. The Court will not second guess the reasonable strategic decisions of an experienced counsel like Atty. Hollander. Chandler, 218 F.3d at 1316; Provanenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998) (holding that strategic choices are "virtually unchallengeable.")); Spaziano v. Singletary, 36 F.3d 1028, 1040 (11th Cir. 1994) (holding that the more experienced an attorney is the more likely his judgment was reasonable under the circumstances)). Consequently, the Court determines that the Petitioner did not have his Sixth Amendment right to effective assistance of counsel violated by Atty. Hollander's advice not to pursue an evidentiary hearing regarding the firearms allegation.

*(b) Whether Atty. Hollander Failed to File a Timely Appeal against Pelham's Wishes*

In a criminal case, a defendant's notice of appeal must be filed in the district court within ten (10) days after the later of the entry of either the judgment or the order being appealed. Fed. R. App. P. 4(b)(1). It is a well settled principle that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professional unreasonably manner *per se*. Gomez-Diaz v.U.S., 433 F.3d 788, 791-792 (11th Cir. 2005). Even if a client has not made a specific request of his attorney to file an appeal, a court must inquire whether the attorney consulted with the client regarding the advantages and disadvantages of appealing and made a reasonable effort to determine the client's wishes. Id. at 792.

At the sentencing hearing, Judge Steele informed the Petitioner of his right to file a notice of appeal within ten (10) days as follows:

> The Court: Mr. Pelham, I would advise you that you have the right to appeal the judgment and sentence in the case. To do that you'd have to file what's called a notice of appeal within ten days of the entry of the judgment. If you fail to file the notice of appeal within that ten-day period, you waive or give up your right to take an appeal.

> If you wish to appeal, you have the right to be represented by an attorney, and your court appointed attorney will continue to represent you in that process, and any filing fees would be waived.
>
> Do you understand those things?
>
> Pelham: Yes, sir, I do.
>
> The Court: Mr. Hollander will consult with you within that ten-day period to determine whether you wish to file the notice of appeal.

U.S. v. Pelham, 2:03-cr-83-FtM-29-SPC (M.D. Fla. 2004) (Transcript of the Sentencing Hearing, Doc. # 56, 15:12-25, 16:1-2) .

In the instant case, Pelham argues that he relied on Judge Steele's directive at the sentencing hearing that Atty. Hollander would be in touch with him within ten (10) days to discuss his appeal. (Tr. 44:15-25). According to Pelham, he had changed his mind and wanted to appeal after he received a two (2) level enhancement in his sentence for the presence of a firearm during the commission of a crime. (Tr. 28:9-15).

Atty. Hollander stated that he had previously spoken to Pelham and discussed the reasoning for filing an appeal and that he and Pelham agreed that if there was no evidentiary hearing regarding the firearm issue that there would be no grounds for appeal. (Tr.8:17-25, 9:1-2, 14:16-25). Therefore, Atty. Hollander did not contact Pelham after sentencing due to their previous agreement regarding the filing of an appeal of Pelham's sentence.

Merely because Judge Steele informed Pelham of his right to appeal does not mean that Judge Steele was ordering Atty. Hollander to contact Pelham regarding an appeal. See Hall v. U.S., 2:04-cv-548-FtM-29DNF (Doc. # 28) (M.D. Fla. 2005) (adopting the Magistrate Judge's R & R (Doc. # 27) holding that the Judges admonition that the Defense Counsel would visit within ten (10) days did not invalidate the defense counsel and defendant's prior agreement that no appeal would be filed). Atty.

Hollander testified, and Pelham does not refute that testimony, although he says he can't remember, that he and Pelham agreed that there would be no appeal in this case. (Tr. 24:19-25). Judge Steele could not have been aware at the sentencing hearing that Atty. Hollander had already fulfilled his obligation to discuss the appeals process and that Pelham had decided against filing an appeal. During the sentencing hearing, Judge Steele clearly asked Mr. Pelham if he understood that failure to file a notice of appeal within ten (10) days would waive the right to appeal. Pelham responded that he understood. Pelham had spoken with Atty. Hollander on several occasions and testified that he had contacted Atty. Hollander by written correspondence and via the telephone and yet he did not get in touch with Atty. Hollander to inform him that he had changed his mind regarding the appeals process. (Tr. 44:3-17).

Judge Steele's mere summarizing of Pelham's right to appeal did not require that Atty. Hollander contact Pelham during the ten (10) day period since the appeal issue had already been adequately addressed. Hall, 2:04-cv-548-FtM-29DNF (Doc. # 27 at 9). Thus, the Court finds that Atty. Hollander's assistance of counsel was not ineffective regarding the Petitioner's right to file an appeal within ten (10) days after the entering of the Court's judgment.

As a result of the testimony and evidence presented at the evidentiary hearing, the Court determines that the Petitioner has failed to meet his burden under Strickland v. Washington. Therefore, the Court respectfully recommends that the Petitioner's claim of ineffective assistance of counsel should be denied.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Petitioner Thomas Allen Pelham's Motion to Vacate, Set Aside, or Correct Sentence,

Pursuant to 28 U.S.C. § 2255 (Doc. # 8) should be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this __16th__ day of May, 2006.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record